IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARETO SAENZ,

    Petitioner,

v.                                            No. 12-CV-1263 RB/CG

RAY TERRY, WARDEN

    Respondent.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on Petitioner Margarito Saenz's *Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus* ("Petition"), filed on December 6, 2012, (Doc. 1); *Government's Motion to Dismiss for Lack of Ripeness Petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* ("Motion"), filed on January 18, 2013, (Doc. 8); and *Petitioner's Reply Against the Government's Motion to Dismiss for Lack of Ripeness Filed on January 18, 2013* ("Response"), filed on February 11, 2013, (Doc. 9).

    **I.**    **Background**

Petitioner is a citizen of Mexico who was lawfully admitted to the United States on April 17, 1989. (Doc. 1 at 12). According to the Petition, he has been in the custody of U.S. Immigration and Customs Enforcement ("ICE") since March 24, 2012. (Doc. 1 at 9). Petitioner had a bond hearing on April 12, 2012, at which bond was denied and the appeal was waived. (Doc. 6-3 at 2). Since April 2012, Petitioner has had several hearings; Petitioner's attorney has requested continuances at four of these hearings. (Doc. 6-3 at 1-2). At a hearing on January 12, 2013, the Immigration Judge sustained

the allegations against Petitioner, but has not yet issued a Final Order of Removal. (Doc. 8 at 2).

In his Petition, Petitioner requests a bond hearing and supervised release. (Doc. 1 at 10). He states that he is "challenging the lengthy detention without bond," and alleges that this is a violation of his due process rights under the Fifth Amendment. (Doc. 1 at 3). Respondent moves to dismiss the Petition, arguing that the Petition is not ripe because a Final Order of Removal has not been issued and therefore, the presumptively reasonable statutory detention period of six months has not started. (Doc. 8 at 1-2). Petitioner argues that his case is ripe for adjudication under *Demore v. Kim*, 538 U.S. 510 (2003).

**II.   Analysis**

   *a. Lack of Ripeness*

Respondent explicitly states that the issue is whether Petitioner's "presumptively reasonable period to effect removal has expired to make his petition ripe for review and provide subject matter jurisdiction." (Doc. 8 at 1). Respondent argues that because a final order of removal has not been issued in Petitioner's case and his period of removal has not started, the reasonableness of his detention cannot be reviewed by this Court. (Doc. 8).

The Supreme Court has held that the detention for up to six months of an individual who has been ordered removed is presumptively reasonable. *Zadvydas v. INS*, 533 U.S. 678, 701 (2001). The period of removal begins when the order of removal becomes final, either by court order or administratively. *See* 8 U.S.C. § 1231(a)(10)(B).

Respondent has not properly framed the issue in the Petition.  Petitioner is actually challenging the length of his detention during his removal proceedings, not the reasonableness of a detention after a removal order has been issued.  (*See generally* Docs. 1 & 9).  Therefore, the issue is whether the length of Petitioner's detention during his removal proceedings, almost twelve months, has violated his Due Process Rights.  In *Demore*, a case in which individuals alleged that their detentions during removal proceedings violated their constitutional rights, the Supreme Court found that it had jurisdiction and considered the constitutionality of detention pending removal proceedings.  The Court found that individuals may be detained "for the brief period necessary for their removal proceedings."  *Demore*, 538 U.S. at 513.

The issue before the Court is Petitioner's detention during his removal proceedings; Respondent's Motion to Dismiss should be denied because it fails to address the issue in the Petition.

### b. Denial of Bond

Petitioner states that he is challenging his "lengthy detention without bond, or a hearing as to a risk of flight or a danger to the community." (Doc. 1 at 3).  From this statement, the Court is not sure whether Petitioner is also challenging the denial of bond, but because Petitioner is proceeding pro se, the Court liberally construes his Petition and will address the issue of the denial of bond.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Under 8 U.S.C. § 1226, the Attorney General has the authority to arrest and detain "an alien . . . pending a decision on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  Additionally, the Attorney General's "discretionary

judgment regarding the application of [8 U.S.C. § 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien, or the grant, revocation, or denial of bond or parole." 8 U.S.C. §1226(e).

To the extent that Petitioner is challenging the denial of bond at his bond hearing on April 12, 2012, this Court lacks jurisdiction to review the immigration judge's decision. *See Mwangi v. Terry*, No. 11-2091, 465 Fed. Appx. 784, 786-87, 2012 WL 718955 (10th Cir. March 7, 2012) (unpublished) (finding that the federal court lacks jurisdiction over the immigration judge's denial of bond, and stating that "the Attorney General's exercise of discretion [under Section 1226(a)] is not subject to judicial review."). Thus, the Court cannot review the denial of bond to Petitioner and should deny the Petition to the extent it makes this request for relief.

### III.   Conclusion

For the reasons explained above, the Court recommends that:

i)   Respondent's Motion to Dismiss be denied;

ii)  The Petition be denied only to the extent Petitioner seeks review of the decision to deny bond;

iii) Within 21 days of any order adopting this recommended disposition, Respondent file an amended answer or dispositive motion that addresses the issue in the Petition and provides an update on the ongoing removal proceedings.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE